UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVE BODNAR, ) | |
|  ) | |
|  Plaintiff ) | |
|  ) | |
| vs. ) | CAUSE NO. 3:07- CV-197 RM |
|  ) | |
| DAVID L. CHIDISTER, Judge, ) | |
|  ) | |
|  Defendant ) | |

OPINION AND ORDER

Steve Bodnar, a prisoner confined at the Pendleton Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Porter Superior Judge David Chidister violated his federally protected rights. Mr. Bodnar filed his complaint in the United States District Court for the Southern District of Indiana, which transferred it to this district pursuant to 28 U.S.C. § 1391.

This court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to the complaint, Judge Chidister presided over a civil case involving Mr. Bodnar in which he granted Dena Schroeter a protective order, prohibiting Mr. Bodnar from contacting her or attempting to correspond with her. Ms. Schroeter apparently accused Mr. Bodnar of violating the protective order, and Mr. Bodnar moved to dismiss the protective order. On May 31, 2005, Judge Chidister denied the motion to dismiss and entered sanctions against Mr. Bodnar restricing his future ability to file materials with the Porter Superior Court. Mr. Bodnar attached a copy of the order to his complaint. Judge Chidister noted that Mr. Bodnar had "inundated this court and Clerk with Pro Se handwritten motions and such, contesting the entry of a Permanent Protective Order." After reviewing the evidence, the court determined that "[i]t is obvious to the Court that [Mr. Bodnar] has attempted to further manipulate the system and harass" Ms. Schroeter. As a sanction, Judge Chidister entered an order that:

> "the Warden (sic) of the Miami Correctional Facility . . . restrict [Mr. Bodnar's] mail to prohibit any and all pleadings, filing, correspondence or the like from inmate Steven Bodnar to the Clerk of Porter County, for any

purpose, and to prohibit the mailing of any further correspondence from Steven Bodnar to this Court or Clerk."

Judge Chidister is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Mr. Bodnar asserts that Judge Chidister did not have the authority to issue an order restricting him from filing further submissions in the civil case that resulted in the entry of the protective order. But Judge Chidister had the jurisdiction to restrict Mr. Bodnar, as a punishment for misbehavior, from filing further submissions in a case over which he presided. *See* John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). The federal courts routinely restrict prisoners from further litigation as a sanction for certain types of behavior. Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999). Accordingly, Judge Chidister is entitled to judicial immunity against Mr. Bodnar's damage claims.

Mr. Bodnar also asserts in his complaint that prison officials have deprived him of earned credit time as a result of his having disobeyed the protective order Judge Chidister entered against him by continuing to attempt to contact Ms. Schroeter. In his request for relief, he states that "I would like to be given my good time back."

Mr. Bodnar brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994), citing

3

Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Because the loss of good time credits increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. Harris v. Duckworth, 909 F.2d 1057, 1058 (7th Cir. 1990). This court may not convert a civil rights complaint into a habeas corpus petitions. Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996).

Even if this court could treat this complaint as a habeas corpus petition, it appears that Mr. Bodnar has already filed a petition for writ of habeas corpus dealing with the loss of earned time credit he addresses in this complaint. Bodnar v. Martin, 3:06cv405 PS. The court denied the petition in 3:06cv405 PS on October 20, 2006, and Mr. Bodnar didn't appeal the dismissal of his petition.

The disciplinary hearing report Mr. Bodnar attaches to this complaint is dated December 17, 2004, and states that the board recommended that he be deprived of 165 days of earned credit time and be demoted to credit earning class 3. In the petition in 3:06cv405 PS, Mr. Bodnar says he was found guilty on December 17, 2004, and that the sanction imposed was a loss of 165 days of earned credit time and demotion "from time class #2 to #3." (Petition at p. 1). Accordingly, even if this court could consider this complaint as a habeas corpus petition, it would treat it as a second and successive petition without leave of the United States Court of Appeals for the Seventh Circuit.

Review of Mr. Bodnar's complaint also establishes that he has attempted to mislead this court. In his complaint, Mr. Bodnar answered "N/A" to the question "please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for

failure to state a claim upon which relief can be granted." He also answered "no" to the question "have you begun other lawsuits in state or federal court dealing with the same facts involved in this action . . .?"

The records of this court establish that Mr. Bodnar has filed two complaints dealing with the facts that form the basis for his current complaint, <u>Bodnar v. Sisson</u>, *et al.*, 2:06cv77RL, and <u>Bodnar v. Sisson</u>, *et al.*, 2:05cv199RL. The court dismissed the complaint in 2:06cv77 pursuant to 28 U.S.C. § 1915A(b)(2) as frivolous, and dismissed the complaint in 2:05cv199 pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Mr. Bodnar's complaint contains a "DECLARATION UNDER PENATLY OF PERJURY," which states that "(t)he undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the complaint and that the information contained in the complaint is **true and correct**." (Emphasis in original). Mr. Bodnar signed this declaration. It appears that in his attempt to mislead the court by stating that he has never filed another action dealing with the facts that form the basis of this complaint and has never had a complaint dismissed as frivolous or for failure to state a claim, he may have committed perjury. Accordingly, the court will order that a copy of this order and the complaint in this case be sent to the Superintendent of the Pendleton Facility, to determine if a disciplinary action against Mr. Bodnar would be appropriate based on these facts.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint. The court DIRECTS the clerk to send a copy of this order and a copy of the

complaint to the Superintendent of the Pendleton Facility, to determine if a disciplinary action against Mr. Bodnar would be appropriate.

SO ORDERED.

ENTERED: May  3 , 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court
